UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

FLOYD CHAMBERS,

        Plaintiff,           Case No. 1:11-cv-42

v.                                         Honorable Gordon J. Quist

JENNIFER GRANHOLM et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed on immunity grounds and for failure to state a claim.

## Factual Allegations

Plaintiff is incarcerated in the G. Robert Cotton Correctional Facility. He was convicted in the Kalamazoo County Circuit Court of first-degree murder and was sentenced on November 20, 2000, to life imprisonment without the possibility of parole. In his *pro se* complaint, Plaintiff sues former Governor Jennifer Granholm and the following members of the Michigan

Parole and Commutation Board: James Atterberry, Barbara Sampson, Miguel Berrios, Charles Brown, Paul Condino, Jodi DeAngelo, Stephen Doboer, Ted Hammon, Robert Aguirre, Anthony King, David Kleinhardt, John Sullivan, Laurin Thomas, Artina Tinsley Hardman and Sonia Warchock. Plaintiff also sues Suzonne Sonneborn, Deputy Legal Counsel to the Parole and Commutation Board.

On or about March 10, 2010, Plaintiff filed an application for commutation claiming that Assistant Kalamazoo County Prosecutor, Stuart Fenton, committed a fraud on the court by falsifying the victim's autopsy report in Plaintiff's criminal case. Plaintiff maintains that he is innocent of the offense and that Fenton's fraudulent activity contributed to his conviction. In a letter dated August 11, 2010, Defendant Sonneborn informed Plaintiff that based upon the recommendation of the Michigan Parole and Commutation Board, Plaintiff's application for commutation was denied by the Governor. Plaintiff contends that after being made aware of Fenton's fraudulent activity, Defendants chose to conceal the fraud in order to protect Fenton, a state official. As a result, Plaintiff claims that he was denied a fair commutation review in violation of his due process rights.

Plaintiff seeks an order from this Court requiring Defendant Sonneborn to submit proofs to this Court, including a copy of the recommendation that the Parole and Commutation Board sent to Defendant Granholm to determine whether it contained information regarding the fraud committed by Defendant Fenton, as well as a copy of Granholm's denial of the application. In addition, Plaintiff asks the Court to find that Defendants' concealment of Fenton's fraud violated his federal rights. Plaintiff also seeks monetary damages from each of the Defendants.[1]

---

[1] A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973). However, a prisoner that challenges parole or commutation procedures when not seeking immediate release may bring his claim under 42 U.S.C. § 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005); *see also Thomas v. Eby*, 481

**Discussion**

    I.     Immunity

Most of the Defendants named in this civil rights action are members of the Michigan Parole and Commutation Board. Members of a parole board have absolute immunity from damages liability for actions taken in the performance of their duties regarding the decision to grant or deny parole because that task is functionally comparable to that of a judge. *Hawkins v. Morse*, No. 98-2062, 1999 WL 1023780, at *1 (6th Cir. Nov. 4, 1999); *Tillman v. Price*, No. 96-2032, 1997 WL 225993, at *1 (6th Cir. May 5, 1997); *Ward v. Moss*, No. 94-1417, 1994 WL 664948, at *1 (6th Cir. Nov. 23, 1994); *accord Scotto v. Almenas*, 143 F.3d 105, 110 (2d Cir. 1998); *Wilson v. Kelkhoff*, 86 F.3d 1438, 1444 (7th Cir. 1996); *Anton v. Getty*, 78 F.3d 393, 396 (8th Cir. 1996); *Little v. Bd. of Pardons, and Parole Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (per curiam); *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992). The actions for which Plaintiff complains were taken by defendant parole board members in their quasi-judicial role of making a recommendation to the governor regarding an application for commutation. Therefore, the members of the Parole and Commutation Board are entitled to absolute immunity from Plaintiff's claims for monetary damages. Plaintiff also fails to state a claim against all of the named Defendants for the reasons set forth below.

    II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

---

F.3d 434, 439-40 (6th Cir. 2007) (challenge to parole procedures may proceed under § 1983 because it does not automatically imply a shorter sentence); *see also Woodard v. Ohio Adult Parole Auth.*, 107 F.3d 1178, 1187 (6th Cir. 1997), *rev'd on other grounds*, 523 U.S. 272 (1998) (claim challenging constitutionality of a state's clemency or commutation proceeding is not a basis for habeas relief, but as a civil rights action, because it does not challenge the validity of a prisoner's confinement). Because Plaintiff appears to challenge the review process and does not seek release from prison, his action may proceed under § 1983.

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, ___ F.3d ___, 2010 WL 5288892, at *2 (6th Cir. Dec. 28, 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

Plaintiff claims that Defendants denied him a fair commutation review in violation of his due process rights. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To establish a procedural due process violation, a petitioner must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006). Plaintiff fails to raise a claim of constitutional magnitude because he has no liberty interest in the commutation of his sentence. The Supreme Court has recognized that an inmate has no constitutional or inherent right to commutation of his sentence. *Ohio Adult Parol Auth. v. Woodard*, 523 U.S. 272, 280 (1998); *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981); *see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (holding that an inmate has no constitutional entitlement to release on parole). Clemency proceedings ordinarily are left to the discretion of the executive and "'are rarely, if ever, appropriate subjects for judicial review.'" *Woodard*, 523 U.S. at 280 (quoting *Dumschat*, 452 U.S. at 464); *see also Workman v. Summers*, 111 F. App'x 369, 371 (6th Cir. 2004); *Workman v. Bell*, 245 F.3d 849, 851 (6th Cir. 2001). While judicial intervention may be appropriate in extraordinary death penalty cases to ensure that the procedure is not entirely arbitrary, non-death cases do not implicate any federal interest. *See Woodard*, 523 U.S. at 289 (O'Connor, J., concurring with three other Justices and distinguishing *Dumschat*, a non-death case); *Workman*, 245 F.3d at 851.

Because Plaintiff has no constitutional right to commutation of his sentence, a liberty interest is present only if state law entitles an inmate to clemency. States may create a protectable liberty interest through the enactment of regulations and procedural rules that limit the discretion of state officials in making parole or commutation decisions. *Greenholtz*, 442 U.S. at 7; *Hewitt v. Helms*, 459 U.S. 460, 471-72 (1983). However, the Supreme Court has recognized that such liberty interests ordinarily involve only those restrictions that place "atypical and significant hardship[s]

on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Woodard*, 523 U.S. at 283. "Thus, *Sandin* teaches that we should be hesitant to find a protected liberty interest in policy directives governing parole or commutation hearings, given that a change in the state's procedures typically will not cause a significant hardship on the inmate in relation to the ordinary incidents of prison life." *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *see also Woodard*, 523 U.S. at 283.

Under the Michigan Constitution, the Governor has the exclusive power to grant commutations and pardons:

> The governor shall have power to grant reprieves, commutations and pardons after convictions for all offenses, except cases of impeachment, upon such conditions and limitations as he may direct, subject to procedures and regulations prescribed by law. He shall inform the legislature annually of each reprieve, commutation and pardon granted, stating reasons therefor.

MICH. CONST. 1963, art. 5, § 14. The Governor's constitutional power to commute sentences is broadly discretionary. *See id.* In light of this discretion, the Sixth Circuit has concluded that Michigan prisoners do not have a state-created liberty interest in the Michigan Parole Board's procedures in recommending to the Governor whether a sentence should be commuted. *See Manning v. Unknown Parties*, 56 F. App'x 710, 711 (6th Cir. 2003); *Moran*, 1996 WL 304344, at *2; *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *see also Goree v. Burt*, No. 05-CV-74592, 2006 WL 3832814, at * 1 (E.D. Mich. Dec. 28, 2006) (rejecting the proposition that MICH. PAROLE BD. POLICY DIRECTIVE 45.12 creates a liberty interest in eligibility for sentence commutation). As the *Dumschat* Court concluded about Connecticut's commutation procedures, a Michigan "felon's expectation that a lawfully imposed sentence will be commuted or that he will be pardoned is no more substantial than an inmates expectation, for example, that he will not be transferred to another prison; it is simply a unilateral hope." *Dumschat*, 452 U.S. at 464

(footnote omitted). Because Plaintiff has no liberty interest in the commutation of his sentence, he fails to state a procedural due process claim.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed on immunity grounds and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: February 4, 2011                    /s/ Gordon J. Quist
                                           GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE